UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENT MOHLMAN,

        Plaintiff,                  No. 12-cv-10120

vs.                                          Hon. Gerald E. Rosen

LONG BEACH MORTGAGE,
et al.,

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S FED. R. CIV. P. 60(b)(4) MOTION FOR RELIEF FROM JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on March 06, 2013

PRESENT:   Honorable Gerald E. Rosen
                   United States District Chief Judge

On February 8, 2013, the Court entered (1) an Opinion and Order granting Defendants' Motion to Dismiss, and (2) a Judgment dismissing Plaintiff's Complaint in its entirety, with prejudice. Plaintiff now seeks relief from that Order and Judgment pursuant to Fed. R. Civ. P. 60(b)(4).

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d

1

480 (2005).[1]  However, both the United States Supreme Court and the Sixth Circuit have repeatedly held that relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances.  *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied,* 474 U.S. 1104 (1986).  Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity *mandate* relief."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).  A claim of simple error, unaccompanied by

---

[1]  Specifically, Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). *Pierce v. UMW Welfare & Retirement Fund*, *supra*, 770 F.2d at 451.

Specifically, with regard to motions brought pursuant to the "void judgment" provision in Rule 60(b)(4), the Sixth Circuit Court of Appeals has held, "'[i]n the interest of finality, the concept of void judgments is narrowly construed.'" *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 907 (6th Cir.2006) (quoting *Hooks v. Hooks*, 771 F.2d 935, 949 (6th Cir.1985)). Accordingly, "'only judgments that show a jurisdictional defect on the face of the record are classified as void judgments.'" *Id.*

As the *Days Inn* court cautioned, "Care should be taken not to confuse 'void' judgments with those which are merely 'voidable.'" *Id.* A "void" judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside. *Jordon v. Gilligan*, 500 F.2d 701, 704 (6th Cir.1974); *Thos. P. Gonzalez Corp., v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1080) ("There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4) ... Either a judgment is void or its valid [and] the court must act accordingly.")

However, procedural irregularities, not amounting to lack of jurisdiction over the person or subject matter do not render a judgment "void." While certain procedural irregularities may render a judgment "voidable," they do not render such a judgment "void." *Days Inn, supra.* Setting aside a voidable judgment is a matter of judicial

discretion. *Id.* (citing *Abbott v. Howard*, 182 Mich. App. 243, 451 N.W.2d 597, 599 (1990)); *See also Ball v. United States*, 163 U.S. 662, 669-70, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) ("[I]f the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable by writ of error."). *Cf.*, *Home Life Ins. Co. v. Cohen*, 278 Mich. 169, 270 N.W. 256, 257 (1939) ("If the irregularity ... arises from the failure to comply with rules of procedure, a court has the power to vacate its *voidable* decree.") (emphasis added).

There is no question that, in this case, the Court had both subject matter jurisdiction over the action and personal jurisdiction over the parties. Therefore, the judgment is not void. Accordingly, Plaintiff's reliance on Fed. R. Civ. P. 60(b)(4) for relief is misplaced.

Furthermore, contrary to Plaintiff's assertions, no error was committed by the Court in deciding Defendant's Motion to Dismiss "on the briefs."

The decision to grant oral argument is within the discretion of a district court. *See* Fed. R. Civ. P. 78 (establishing that district courts may decide motions without oral argument); *see also* Eastern District of Michigan Local Rule 7.1(f)(2).[2] There is no abuse

---

[2] Rule 78(b) provides,

By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.

Local Rule 7.1(f)(2) provides that hearings will be held on motions "unless the court orders submission and determination without hearing."

4

of discretion in denial of oral argument when a brief has been filed and there is no claim that Plaintiff's contentions were not fully set forth therein. *See U.S. ex rel. Darrah v. Brierley,* 415 F.2d 9, 11 (3rd Cir.1969). Numerous courts have held that denial of oral argument is not prejudicial where the parties have had "an adequate opportunity to apprise the trial court with evidence and a memorandum of law." *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir.1991). *See also Scott v. Metropolitan Health Corp,.* 2007 WL 1028853 (6th Cir. April 3, 2007) (Stating that "dispositive motions are routinely decided on papers filed by the parties, without oral arguments.")

In this case, the Court acted pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and ordered determination of Defendant's Motion without a hearing. Furthermore, Plaintiff was notified that the Court had ordered the determination of Defendant's Motion to Dismiss without a hearing more than two weeks before the Court decided the motion. *See* Dkt. # 22. Accordingly, there was no abuse of discretion by the Court.

Similarly, the Court did not abuse its discretion in failing to allow Plaintiff to amend his Amended Complaint.

Although it is the general practice of this Court to provide an opportunity to amend when a plaintiff is faced with a dismissal that is readily curable, since slight defects should not condemn an otherwise viable complaint, here, however, amendment would be futile. Plaintiff already took advantage of one opportunity to amend his pleadings and

filed a First Amended Complaint. *See* Dkt. Nos. 22 and 23. He has not proposed any specific further amendment.[3] While Plaintiff has proffered a number of claims, he has offered precious few factual allegations in support thereof; his allegations were fundamentally lacking. Further, Plaintiff's various other counts are unsupportable either because they are not recognized causes of action, are time-barred or Plaintiff lacks standing to assert them. Subsequent amendment would not cure these defects. Under these circumstances, the Court did not abuse its discretion in refusing to allow further amendment of Plaintiff's Amended Complaint.

For all of the foregoing reasons, the Court concludes that relief from the Judgment entered by the Court on February 8, 2013 is not warranted. Accordingly,

---

[3] In fact, Plaintiff only mentioned amending his complaint in passing in the concluding paragraph in his Brief in Response to Defendant's Motion to Dismiss:

> "WHEREFORE, Plaintiff Brent Mohlman respectfully request [sic] this Court to deny Defendants [sic] motion to dismiss and allow Plaintiff to amend the complaint."

*See* Plaintiff's Response Brief, Dkt. # 17, p. 8.

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment [**Dkt. # 25**] is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 6, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager